# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL VENEGAS,<br><br>          Petitioner,<br><br>   v.<br><br>JAMES HARTLEY,<br><br>          Respondent. | 1:09-cv-01775-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

In the instant petition, Petitioner challenges the Board of Parole Hearings' 2006 decision finding him unsuitable for release.

Petitioner filed a state petition for writ of habeas corpus in the Los Angeles County Superior Court on July 31, 2008.[2] (Motion, Exhibit 1.) The superior court denied the petition in a reasoned decision on October 29, 2008. (Id., Exhibit 2.)

---

[1] Respondent submits that James Hartley is the current Warden at Avenal State Prison, and is herey substituted in place of Nick Dawson. Rule 25(d) of the Federal Rules of Civil Procedure.

[2] All filing dates reflected in this order are with the benefit of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court). The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

On December 9, 2008, Petitioner filed a state court petition in the California Court of Appeal, Second Appellate District. (Id., Exhibit 3.) The petition was summarily denied on February 11, 2009. (Id., Exhibit 4.)

On March 6, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Exhibit 5.) The petition was summarily denied on August 12, 2009. (Id., Exhibit 6.)

Petitioner filed the instant petition for writ of habeas corpus on October 5, 2009. (Court Doc. 1.) Respondent filed a motion to dismiss on January 7, 2010. (Court Doc. 10.) Petitioner filed an opposition on January 25, 2010, and Respondent filed a reply on January 29, 2010. (Court Docs. 11, 12.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

2

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 8, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and

3

that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

In the instant petition, Petitioner contends that the Board's decision findings him unsuitable for release on parole violated his federal rights.  Respondent initially argues that the one-year limitation period began to run immediately following the administrative decision of the Board on December 21, 2006, citing Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003) and Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004).  However, contrary to Respondent's argument the December 21, 2006, decision was merely a proposed decision, and it did not become final until April 19, 2007-120 days thereafter.  Under the rationale of Redd, Petitioner could not have known the factual predicate of his claim unless and until the decision becomes final. See Redd v. McGrath, 343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes final) ; see also Banks v. Kramer, 2009 WL 256449 *1 (E.D.

4

Cal. 2009); Tidwell v. Marshall, __ F.Supp.2d ___, 2009 WL 1537960 (C.D. Cal. 2009); Feliciano v. Curry, 2009 WL 691220 (N.D. Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 (S.D. Cal. 2009). Based on these facts, the statute of limitations began to run the following day on April 20, 2007, and was set to expire one year later on April 19, 2008.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

At the time Petitioner filed the first state court petition in the Los Angeles County Superior Court on July 31, 2008, Petitioner had already exceeded the limitations period by 104 days.[3] Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed after the limitations period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (if first petition filed after expiration of limitations period, "statutory tolling cannot save his claim"); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run).

In addition, another 54 days expired after the California Supreme Court denied the petition on August 12, 2009 to the filing of the instant federal petition on October 5, 2009. See Mayle v. Felix, 545 U.S. 644, 644 (2005); Rhines v. Weber, 544 U.S. 269, 271 (2005); Nino v. Galaza, 183 F.3d 1003, 1007 (9th Cir. 1999). Accordingly, the instant petition for writ of habeas

---

[3] Although Petitioner claims that he sent a petition in the superior court on August 22, 2007, the superior court had no record of that filing and Petitioner submits no evidence, beyond his own statement, to support his claim.

corpus is time-barred under § 2244(d).

D.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

To the extent Petitioner contends that the limitations should be equitably tolled until his receipt of the transcripts on July 6, 2007, his claim is without merit. As discussed, the limitations began to run on April 19, 2007-the date the Board decision became final, and the fact that Petitioner received a copy of the transcripts just over two months thereafter (and well within the limitations period) does not entitle him to equitable tolling, as it could not have been the cause of Petitioner's untimeliness. The Court therefore finds no reason to equitably toll the limitations period.

E.     Exhaustion of State Court Remedies

Respondent also argues that the instant petition contains both exhausted and unexhausted claims and should be dismissed. Respondent submits that the instant petition challenges both the 2006 and 2008 Board hearings, and the challenge to the 2008 hearing is not exhausted. However, after reviewing the instant petition and Petitioner's opposition-which clearly states he is challenging only the 2006 decision in the instant petition, the Court finds Respondent is not correct. The Court takes judicial notice of a second petition for writ of habeas corpus filed by Petitioner in Venegas v. Dawson, 1:09-cv-01776-YNP (HC), which challenges the 2008 Board decision and is pending review.[4] Accordingly, Respondent's argument that the instant petition

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another

contains both exhausted and unexhausted claims is without merit.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as untimely be GRANTED; and

2. The Clerk of Court be directed to dismiss the action with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 9, 2010             /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE

---

tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).